IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41301
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO ROSAS LOPEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-32-3
- - - - - - - - - -
October 16, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Alberto Rosas Lopez ("Rosas") appeals his conviction and sentence, following a jury trial, for conspiracy to possess more than 50 kilograms of marijuana with intent to distribute (in violation 21 U.S.C. § 846) and possession of more than 50 kilograms of marijuana with intent to distribute (in violation of 21 U.S.C. § 841(a)(1)).

Rosas contends that the district court erred in failing to dismiss his indictment sua sponte as a remedy for the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's having presented perjured testimony by Government witness Alberto Arriaga. The Government's correction of Arriaga's false testimony during trial and the trial court's having permitted Rosas and his codefendant to cross-examine Arriaga regarding that testimony were sufficient remedies to preserve Arriaga's constitutional rights with respect to that testimony. See Napue v. Illinois, 360 U.S. 264, 269 (1959). As for Rosas' claim that the Government presented other, uncorrected perjured testimony by Arriaga, his conclusional assertions that this testimony was false and the mere contradictory testimony of a single police officer were insufficient to show that the Government knowingly presented false, material testimony. See United States v. Leahy, 82 F.3d 624, 632 (5th Cir. 1996); United States v. Washington, 44 F.3d 1271, 1282 (5th Cir. 1995).

The district court did not err in considering uncounseled prior misdemeanor convictions in computing Rosas' criminal history score. See United States v. Osborne, 68 F.3d 94, 100 (5th Cir. 1995); United States v. Morrow, 177 F.3d 272, 305 (5th Cir.), cert. denied, 120 S. Ct. 333 (1999). The court also did not clearly err in imposing a two-level "aggravating role" enhancement pursuant to U.S.S.G. § 3B1.1(c), as the PSR information and trial testimony reflected that Rosas had recruited one person to store a large amount of marijuana and another to help him sell it. See United States v. Musquiz, 45 F.3d 927, 932-33 (5th Cir. 1995); United States v. Giraldo, 111 F.3d 21, 24 n.9 (5th Cir. 1997).

For the first time on appeal, Rosas contends that this court should adopt a "factual sufficiency" standard for reviewing the sufficiency of the evidence, by which he means that a court would set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly unjust and wrong. Rosas maintains that such a standard is not forbidden by the Constitution or by statute. It is forbidden, however, by hundreds of this court's binding decisions, which require application of the "legal sufficiency" standard prescribed of Jackson v. Virginia, 443 U.S. 307 (1979), and Glasser v. United States, 315 U.S. 60 (1942). See, e.g., United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997). Under that standard, this court will affirm if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt. See id. The evidence at Rosas' trial was more than sufficient to have authorized the jury to determine that Rosas knew of and participated in a conspiracy to possess marijuana with intent to distribute and that he committed the underlying substantive offense. See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994).

Rosas' motion to file an out-of-time reply brief is GRANTED. The conviction and sentence are AFFIRMED.